U.S. COURTS

SEP 19 PM 12:00

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE** ) | |
| ) | Case No. 98-41455 |
| BOWDEN, DOYLE DUANE ) | |
| BOWDEN, BARBARA ) | **SUMMARY ORDER** |
| ELIZABETH, ) | |
| ) | |
| **Debtors.** ) | |

### Background and Facts

In this Chapter 7 case, commenced December 4, 1998, debtors Doyle and Barbara Bowden ("Debtors") move to avoid the judicial lien of a creditor, L.D. Fitzgerald, arguing the lien impairs their homestead exemption. Fitzgerald is not only a creditor in this case, he also serves as the Chapter 7 trustee.[1]  Fitzgerald's judgment and lien arose from proceedings in another

---

[1]     Mr. Fitzgerald attempts to wear two hats in this case, creating confusion in referring to his dual roles. For lack of a better approach, in this order, the Court will refer to Fitzgerald in his role as a creditor as "Creditor," and in his role as trustee as "Trustee", keeping in mind both parts are played by the same person.
    It seems clear that Mr. Fitzgerald finds himself in an irresolvable conflict of interest by endeavoring to serve as trustee in a case in which he also asserts he holds a claim as a secured creditor. Under 11 U.S.C. § 701(a), a Chapter 7 trustee must be a "disinterested person." 11 U.S.C. § 101(14)(A) defines "disinterested person "as a person who "is not a creditor . . . ."
    Notwithstanding Mr. Fitzgerald's predicament, the Court will attempt to settle the issues presented by Debtors' motion, leaving other implications stemming from

SUMMARY ORDER - 1



AO 72A
(Rev.8/82)

Chapter 7 bankruptcy case, In re Ormseth (Case No. 98-40353), where as the trustee, Mr. Fitzgerald sought to avoid a transfer of property to these Debtors. Mr. Fitzgerald prevailed, and a money judgment for $41,850 was awarded by the Court in his favor against the Bowdens. Creditor recorded the judgment on December 3, 1998, thereby giving him a judicial lien on Debtors' real property.

In their schedules, Debtors' home ("the Property") is valued at $84,000, subject to a first mortgage of $40,000. In their original schedules filed on January 5, 1999, Debtors claimed only $40,000 in equity as exempt under Idaho Code § 55-1001 et. seq. (Docket No. 5). It was in response to Debtors' first motion to avoid Creditor's judgment lien (Docket No. 18) that Creditor pointed out what amounted to, based on Debtors' own schedules, $4,000 in available equity to which his judgment lien should attach. After the hearing on that first motion, on July 13, 2000, Debtors filed an amended Schedule C in which they claimed the maximum homestead exemption of $50,000 as allowed under Idaho Code § 55-1003 (Docket No. 24). On July 14, 2000, Debtors filed an amended motion to avoid Creditor's lien (Docket No. 22). On August 8, 2000, Trustee objected to Debtors' amended claim of exemption

---

Mr. Fitzgerald's dual role in the case for another day.

SUMMARY ORDER - 2

(Docket No. 26).[2] A hearing on Debtors' amended motion was held on September 7, 2000. At the hearing, all agreed that the Court must address not only Creditor's objection to avoidance of his judgment lien, but also Trustee's objection to the propriety of Debtors' amended claim of exemption. The issues were taken under advisement.

The fundamental question presented is whether, over a year and a half after the case was commenced, Debtors should be allowed to amend their exemption schedules, thereby shielding all the equity in their home to the potential prejudice of Creditor.

## Discussion

Federal Rule of Bankruptcy Procedure 1009(a) allows a voluntary debtor to amend the official schedules, including schedule C, as "a matter of course at any time before the case is closed." Amendments under Rule 1009(a) are liberally allowed and no court approval is required. *In re Michael*, 163 F.3d 526, 529 (9th Cir. 1998). However, case law recognizes the court may deny a debtor the right to amend exemption schedules where the debtor has acted in

---

[2] Mr. Fitzgerald filed the objection as trustee. However, any party in interest, including the trustee or any creditor, may object to the debtor's claim of exemption. 11 U.S.C. § 522(m); Fed. R. Bankr. Proc. 4003(b).

SUMMARY ORDER - 3

bad faith or where the delay in claiming the exemption has prejudiced creditors.[3] *In re Michael*, 163 F.3d at 529; *In re Arnold*, __ B.R. __, 2000 WL 1234374 *3 (9th Cir. B.A.P.); *In re Hamilton*, 93 I.B.C.R. 227, 229 (Bankr. D. Idaho 1993).

Here, Trustee's objection alleges prejudice results from allowance of Debtors' amended homestead exemption claim because the amended exemption was not filed until after hearing on Debtors' motion to avoid Creditor's lien. At the hearing, Trustee argued that, by analogy, this Court's decision in *Hamilton* should control the outcome here. The debtor in *Hamilton* amended her schedules to exempt a counterclaim she had asserted against a creditor in a prebankruptcy civil action and other property the trustee proposed to sell to the creditor as part of a settlement of the civil action on the day before the scheduled hearing to approve the compromise. Under the facts, the Court denied debtor the right to amend the exemption claim. *In re Hamilton*, 93 I.B.C.R. at 229.

There is at least one important difference between the actions undertaken by the *Hamilton* trustee before the amended exemption claim was made and those of Trustee in the instant case. In *Hamilton,* the trustee may not have felt it worthwhile to participate in the civil action or to compromise the

---

[3] Trustee has not suggested Debtors have acted in bad faith.

SUMMARY ORDER - 4

debtor's counterclaim if the trustee had known the debtor would later seek to exempt the settlement proceeds. The bankruptcy estate incurred substantial expense in engaging counsel and pursuing the litigation, and had made strategic and other important decisions in the course of the suit prior to the debtor's decision to attempt to exempt the settlement proceeds. Under those circumstances, the debtor's tardy amended exemption claim was clearly "prejudicial to the estate and smack[ed] of bad faith." *Id.*[4]

Here, all parties in the case were on notice that Debtors were attempting to claim their home equity exempt, albeit in an incorrect amount. The Court accepts Debtors' attorney's representation that they erred by inserting the wrong amount in their original exemption schedule. There is nothing in this record to show that Trustee or the bankruptcy estate relied to its detriment upon this erroneous exemption claim. No facts show Debtors' correction of the error would prejudice Trustee in a manner similar to the prejudice the trustee faced in *Hamilton*.

Trustee's objection also alleges unsecured creditors will be prejudiced if the amended exemption is allowed. This assertion is unfounded.

---

[4] Also, the *Hamilton* debtor's exemption amendments attempted to exempt property in which the debtor had no equity. *Hamilton*, at 229, note 2. This Court disallowed the debtor's exemption due to the lack of equity in the property. *Id.*

SUMMARY ORDER - 5

As Trustee conceded at the hearing, the only creditor of Debtors that would be prejudiced by allowing the amended exemption is Creditor. Even were the amended exemption disallowed, and Debtors limited to $40,000 as originally claimed, their unsecured creditors would not receive any distribution of the proceeds from liquidation of Debtors' home because no equity exists over and above the interests of the first mortgagee and Creditor's judgment lien.

As indicated above, Rule 1009(a) allows the debtor to amend schedules prior to the close of the case. Debtors' delay in filing the amended exemption is insignificant where there is no prejudice or bad faith shown. Mere delay in making amendments does not prejudice creditors. *In re Arnold*, 2000 WL 1234374 at *5-6 (quoting *In re Andermahr*, 30 B.R. 532 (9th Cir. B.A.P. 1983)). Trustee's objection to Debtors' amended claim of exemption should therefore be overruled.

11 U.S.C. § 522(f)(1) allows debtors to avoid the fixing of judicial liens that impair exemptions. Subsection 522(f)(2)(A) "sets forth a mathematical formula to determine whether a lien impairs an exemption." *In re Wilson*, 90 F.3d 347, 350 (9th Cir. 1996). A lien impairs an exemption to the extent that the sum of (i) the challenged lien, (ii) all other liens on the property, and (iii) the amount of the exemption the debtor could claim if there were no liens on the property,

SUMMARY ORDER - 6

exceeds the value of the debtor's interest in the property ignoring any liens. Here, the sum of the judicial lien ($41,850), the first mortgage on the Property ($40,000) and Debtors' exemption ($50,000) is $131,850, which exceeds the value of Debtors' interest in the house free of liens ($84,000) by $47,850. Creditor's judicial lien impairs Debtors' homestead exemption in its entirety, and therefore may be avoided in its entirety.

For these reasons, Trustee's objection to Debtors' amended homestead exemption should be and is hereby **DENIED**. Debtors' motion to avoid Creditor's judgment lien should be and is hereby **GRANTED**.

**IT IS SO ORDERED.**

DATED This 19th day of September, 2000.

JIM D. PAPPAS
CHIEF U.S. BANKRUPTCY JUDGE

SUMMARY ORDER - 7

## CERTIFICATE OF MAILING

I, the undersigned, hereby certify that I mailed a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

Richard D. Vance, Esq.
845 W. Center, Suite C-2
Pocatello, Idaho 83204

L. D. Fitzgerald
P. O. Box 6199
Pocatello, Idaho 83205

U.S. Trustee
P.O. Box 110
Boise, Idaho 83701

| | |
|---|---|
| CASE NO.: 98-41455 | CAMERON S. BURKE, CLERK<br>U.S. BANKRUPTCY COURT |
| DATED: September 19, 2000 | By _Cathy Somsen_<br>Deputy Clerk |

SUMMARY ORDER - 8

AO 72A
(Rev.8/82)